HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN STEEL, L.L.C.,<br><br>Defendant. | No. 2:08-CV-00676-RSM<br><br>CONSENT DECREE |

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a Complaint against Defendant American Steel, L.L.C., on April 30, 2008 alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Kent, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the notice of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 19022 80th Avenue South, Kent, Washington 98032 (the "facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, relating to the facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a. Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. SO3-001948 and any successor, modified, or replacement permit (the "NPDES permit");

b. Defendant shall, for a period of three years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports, Level One, Two, or Three response reports or similar adaptive management reports, correspondence, and inspection reports. During this same period



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Defendant shall additionally forward copies to Plaintiff of all inspection reports and checklists of all visual monitoring conducted at the facility pursuant to the NPDES permit. All copies shall be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the end of each calendar quarter;

c. As soon as practicable but no later than July 15, 2009, Defendant shall have all portions of the roof at the facility that are eroded such that galvanized metal is exposed to stormwater coated with a material that will prevent stormwater from coming into contact with galvanized metal;

d. If, after Defendant coats the roof as required under sup-paragraph 7.c of this Consent Decree, a stormwater sample collected at the facility under the terms of the NPDES permit exceeds the action level set in the NPDES permit for total zinc, Defendant shall retain a qualified professional to prepare a Level Three Source Control Report (the "Report"), as defined in Condition S4.C of NPDES Permit effective on the date the Complaint was filed. The Report shall identify all potential sources of stormwater contamination at the facility, and shall evaluate the effectiveness and costs of all available options of source control, operational control and stormwater treatment best management practices expected to reduce the concentration of contaminates in the stormwater discharges at the facility to or below the benchmarks set in the NPDES Permit effective on the date the Complaint was filed. The Report shall select which additional source control, operational control, and stormwater treatment best management practices Defendant will implement, and propose a schedule for the implementation of each additional measure. The Report shall specifically include a schedule for the implementation and maintenance of additional stormwater treatment best management practices that Defendant shall



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

comply with unless Defendant applies to the Department of Ecology for a waiver pursuant to the terms of the NPDES Permit of the requirement to employ stormwater treatment best management practices as part of a Level Three Response and the Department of Ecology grants the waiver request. All additional source control, operational control, and stormwater treatment best management practices, including the stormwater treatment system, shall be fully implemented and installed not later than one hundred and eighty (180) days after the Report is finalized. The Report shall be finalized within ninety (90) days of Defendant's receipt of the stormwater sampling analytical results that trigger the requirement of this sub-paragraph 7.d to prepare the Report. Defendant shall submit the Report to the Washington Department of Ecology, with a copy provided to Plaintiff, at the time it is finalized. Defendant shall fully implement the additional best management practices selected in the Report in accordance with the schedule proposed therein. Defendant may, in its sole discretion, avoid the requirements of sub-paragraph 7.c of this Consent Decree by submitting a Report that meets the requirements of this sub-paragraph 7.d to the Washington Department of Ecology, with a copy provided to Plaintiff, within ninety (90) days of entry of this Consent Decree and by fully implementing and installing the source control, operational control, and stormwater treatment best management practices described in the Report, including the stormwater treatment system, within one hundred and eighty (180) days of submission of the Report to the Washington Department of Ecology;

e. Within sixty (60) days of entry of this Consent Decree by the Court, Defendant shall install and maintain lids on all receptacles at the facility that contain galvanized materials and shall keep the lids closed when the receptacles are not in use;



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

8. Not later than thirty days after the date of entry of this Consent Decree, Defendant shall make two payments totaling $35,000 (THIRTY FIVE THOUSAND DOLLARS) for the projects described in Attachments A and B to this Consent Decree. Both payments shall be made by check payable and shall bear the notation "Puget Soundkeeper Alliance v. American Steel, L.L.C., Clean Water Act Settlement," with a copies provided to Plaintiff. The two payments shall be made as follows:

a. Payment of $32,868 (THIRTY-TWO THOUSAND EIGHT HUNDRED SIXTY-EIGHT DOLLARS) to the Mid-Puget Sound Fisheries Enhancement Group for the Mill Creek Non-Native Plant Abatement and Planting Project described in Attachment A to this Consent Decree. The payment shall be made payable to and mailed to Mid-Puget Sound Fisheries Enhancement Group, 7400 Sand Point Way, Suite 202 N, Seattle, WA 98115, Attention Troy Fields;

b. Payment of $2,132 (TWO THOUSAND ONE HUNDRED THIRTY-TWO DOLLARS) to the Southern California Coastal Water Research Project for the Development of Benthic Community Condition Indicators for Puget Sound Project that is described in Attachment B to this Consent Decree. The payment shall be made payable to and mailed to Southern California Coastal Water Research Project, 3535 Harbor Blvd., Suite 110, Costa Mesa, CA 92626-1437, Attn: Stephen Weisberg;

9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney fees and costs in the amount of $12,000 (TWELEVE THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St.,



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Seattle, WA 98112, attn: Knoll Lowney, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environment Protection Agency pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Puget Soundkeeper Alliance, 5309 Shilshole Ave., #215, Seattle, WA 98107. Notifications required by this Consent Decree to be made to Defendant shall be mailed to American Steel, L.L.C., 19022 80th Avenue South, Kent, Washington 98032.

Dated this 5th day of June, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

PUGET SOUNDKEEPER ALLIANCE

Signature: s/ Sue Joerger

Title: Executive Director

Dated: 3/30/09

AMERICAN STEEL, L.L.C.

Signature: s/ Thomas A. Kraus

Title: V.P. / GEN'L MGR

Dated: 3/26/09



SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883